### WRIGHT *v.* STAFFORD & SONS.

1. A motion for a new trial was made, which by order of the court was continued from time to time until the 21st of May, 1906, at which time, in accordance with an order of the judge, the movant presented a brief of the evidence for approval. The presiding judge took the motion for final determination and by consent of parties and an order passed it was set for June 2d, in a different county from that where the case was tried (as was recited in the bill of exceptions). On the hearing the judge approved the grounds of the motion and also the brief of evidence, and ordered it to be filed with the clerk of the superior court of the county where it was pending within ten days.     No objection or motion to dismiss appears to have been made in the superior court. He also overruled the motion. The brief was filed on June 9th. To the overruling of the motion the movant excepted. A motion to dismiss the writ of error was made on the ground that the brief of evidence was not approved until June 2d, and filed June 9th, and that there was no prior order granted giving authority for the hearing of the motion or the presenting and approving of the brief of evidence on the date mentioned. *Held*, that the motion to dismiss will be overruled.

2. The deeds offered in the present case did not on their face appear to be connected with the land in dispute, or to throw any light on the controversy. The motion for a new trial asserted that the claimant insisted and sought by evidence to show that there was a parol partition. But the statement as to the evidence offered was so vague and general that it did not show, if there was a parol division, with any distinctness what it was, or that it was sufficiently perfected to pass any title. Whether it could be made sufficient to make the deeds admissible is not decided.

3. For a like reason there was no error in excluding from evidence, when standing alone, a general statement by a witness that he was a witness to an agreement in which the defendant in fi. fa. and his father and other children of the latter made a partition or division "of all the lands, including the lands levied on."

4. It was erroneous to reject evidence tending to show that the husband of the claimant, under whom she claimed, made an exchange with the defendant in fi. fa. before the judgment against him was rendered, whereby the claimant's husband gave to the defendant an interest in fifty acres of land and a pair of mules and wagon, worth $350, for the

46

defendant's interest in the land in controversy, and that the defendant took possession of such property and afterwards sold it.

5. The judgment is reversed and the case returned for a new trial, in order that all legitimate evidence may be offered and admitted, if relevant. This court does not now express any opinion as to the effect which the evidence may have, or whether the alleged donor acquired a title superior to the lien of the execution, or, if he did, whether a parol gift to his second wife and her children (if made) would convey such a title or interest as to be superior to the claim of one of his heirs or of a judgment creditor of such heir.

*Judgment reversed. All the Justices concur.*

Submitted April 24,—Decided July 13, 1907.

Claim. Before Judge Reagan. Pike superior court. June 2, 1906.

*R. L. Berner;* for plaintiff in error. *C. J. Lester,* contra.